Fremont-Smith, J.
This action is currently before the court on cross motions for summary judgment arising out of the Department of Correction’s repeal of the “Grandfather Clause” contained within its Property Policy’s “Standard Operating Procedures.” For the reasons stated below, the plaintiffs’ motion is allowed and the defendants’ cross motion is denied.
BACKGROUND
The plaintiffs William Langton and Lazaro Fernandez are inmates in the custody of the Department of Correction, serving sentences at the North Central Correctional Institution at Gardner, Massachusetts (“NCCI-Gardnei/). The defendants are the Department Commissioner,marry E. DuBois, and John Marshall, Superintendent*at NCCI-Gardner. On September 18, 1992, this Court (Steadman, J.) issued a preliminary injunction precluding the Commissioner of Correction from implementing the repeal of a “Grandfather Clause”[3] contained within the Department’s Property Policy’s “Standing Operating Procedure,” Section 12, on grounds that the said repeal was “promulgated without compliance with the notice and hearing requirements set forth in [the Administrative Procedure Act,] G.L.c. 30, §30A, §2.” See Drew v. DuBois, Civil No. 92-5616-g (Suffolk Super. Ct., September 18, 1992). Subsequently, on December 3, 1993, after complying with the notice and hearing requirements of G.L.c. 30, §30A, the Department promulgated new property policy regulations, namely 103 CMR 403.00, et seq., itemizing personal property that inmates would thereafter be allowed to retain, subject to certain qualifications. See, e.g., 103 CMR 403.09 and 403.11. The 1993 regulations contained a cancellation provision, 103 CMR 403.03, which provided that “103 CMR 403.00 cancels all previous departmental or institutional policy statements, bulletins, directives, orders, notices, rules, regulations or standard operating procedures regarding inmate personal property to the extent that they are inconsistent with 103 CMR 403.00.” (Emphasis supplied.) The new regulations, however, failed to directly address whether the “Grandfather Clause” was to be still operational or revoked thereunder, and did not refer specifically to the “Grandfather Clause.”
On January 10, 1994, the Department’s Commissioner, Larry E. DuBois, sent a memorandum to prison inmates informing them that the new regulations had become effective, and that, inter alia, the “Grandfather Clause” was accordingly eliminated. Thereafter, defendants in Drew moved to dissolve the preliminary injunction, which the court denied for the reasons described below. Here, the plaintiffs have moved for summary judgment, and the defendants have filed a cross-motion.
DISCUSSION
The defendants contend in this case, as they did in Drew, supra, that the cancellation clause within the 1993 regulations nullified the “Grandfather Clause” because the said clause was inconsistent with the 1993 regulations. See 103 CMR 403.03.
*304 This court (Borenstein, J.) ruled in Drew, however, as follows:
In the legal context, rules are inconsistent if they are [mjutually repugnant or contradictory, or, in other words, contrary the one to the other, so that both cannot stand, but the acceptance of the one implies the abrogation or abandonment of the other . . . Black’s Law Dictionary (5th Ed. 1979), at 689. Applying this definition to the instant case, the court concludes that the “Grandfather Clause” is not inconsistent with the new regulations. Since becoming a part of the Department’s standard operating procedure, the “Grandfather Clause” has allowed inmates to retain items of personal property that had been approved for retention prior to the enactment of proscriptive revisions to the Department’s personal property regulations. The “Grandfather Clause” thus provides an exception to new regulations. Unlike an inconsistency, an exception to a rule is not necessarily “repugnant” or “contradictory” to the rule, for the thing excepted is excluded from the rule, and therefore does not come in direct conflict with the rule. See Black’s Law Dictionary, supra at 502 (defining “exception,” in part, as that which is excluded or separated from others in a general rule or description); Webster’s New Collegiate Dictionary (1979), at 394 (defining “exception” as an exclusion). Rules and their exceptions have generally coexisted without being mutually repugnant or contradictory to each other, and the acceptance of one does not presumably imply the abrogation or abandonment of the other. Accordingly, the court concludes that the general cancellation clause, 103 CMR 403.03 does not nullify the Grandfather Clause.
“Memorandum and Order,” dated March 15, 1994, Borenstein, J.
As the well-reasoned decision in Drew is determinative of the identical issue raised here, this court adopts it. Although defendants may be correct that plaintiffs have failed to allege the necessary elements of constitutional violations,[4] they have shown that the defendants, in confiscating or threatening to confiscate grandfathered possessions of inmates, are in violation of the Department’s own regulations.
ORDER
Accordingly, it is hereby DECLARED that the “Grandfather Clause” was not nullified by the December 3, 1993 property regulation, 103 CMR 403.00, et seq. It is hereby ORDERED that plaintiffs’ motion for summary judgment is ALLOWED and defendants’ cross-motion is DENIED.
Final judgment is hereby entered for the plaintiffs, and the defendants are permanently enjoined from confiscating or threatening to confiscate, any personal property owned by the plaintiffs which they had been allowed to possess under the “Grandfather Clause.”

 The Grandfather Clause provides as follows: “Inmates presently within the Department will retain their present property inventory as they proceed through the system to lower security institutions. If an inmate is returned to a higher security level institution, the inmate will be considered as a return to the Department and will be required to comply with the requirements of the new 103 CMR 403.”

 Should the Department, after complying with the notice and hearing requirements of G.L.c. 30, §30A, legally revoke the Grandfather Clause, this Court can then decide whether such a revocation would be violative of any constitutional safeguard.